**Gregory NOVAS, Appellant,**

v.

**ATLANTIC COAST LINE RAILROAD COMPANY, Appellee.**

**No. 14410.**

United States Court of Appeals
District of Columbia Circuit.

Argued Sept. 25, 1958.

Decided Oct. 6, 1958.

assessed damages in excess of the bonds, and construed the Supreme Court opinion as allowing him to enforce the orig-

Mr. Hyman J. Cohen, Washington, D. C., for appellant.

Mr. Robert R. Faulkner, Washington, D. C., for appellee.

Before EDGERTON, Chief Judge, and BAZELON and WASHINGTON, Circuit Judges.

PER CURIAM.

The plaintiff in a negligence action appeals from a summary judgment for the defendant. According to the plaintiff's pretrial statement: "On June 27, 1954, plaintiff took his wife and daughter to defendant's depot in Wilson, North Carolina, and carried their luggage on to one of defendant's cars. Plaintiff was assisting his wife and daughter who were traveling on defendant's train No. 78. Plaintiff had permission of the conductor to board the car, and the conductor knew of plaintiff's presence. Before he got off, defendant set the train in motion. Defendant did not give plaintiff an opportunity to alight, did not notify plaintiff that the train was about to move, did not notify plaintiff that the train was moving, and *without this knowledge* plaintiff proceeded to alight and was caused to fall from the train." (Emphasis added.)

We think this was not a case for summary judgment. When a train has

inal liability for the license taxes, independently of the bonds. 41 F.Supp. 952." Brief, p. 15.

stopped at a station, one who gets off the train without discovering that it has started again may or may not be negligent. The time the train has been moving, the distance it has moved, the speed it has attained, the nearness and conspicuousness of people or things that are not moving, and other circumstances may affect the question. Cf. Lambeth v. North Carolina R. Co., 1872, 66 N.C. 494, 499. We have no reason to think the North Carolina courts would hold the present plaintiff guilty of contributory negligence as a matter of law. Appellee's reliance on Jiggetts v. Atlantic Coast Line R. Co., 99 U.S.App.D.C. 249, 239 F.2d 69, is therefore misplaced.

Reversed.